# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN HURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _______________ |
| | § | |
| BRANDON GARCIA, SCOTT SORBET, JULIE MANDRELL, and CONNIE HAMBRICK, | § § § | |
| | § | |
| Defendants. | § | |

**INDEX OF DOCUMENTS ATTACHED TO NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a), the following documents are attached to the Notice of Removal filed herein.

| **Exhibit** | **Document Name** | **Date Filed** |
|---|---|---|
| A-1 | Certified Docket Sheet – State Court | 5/22/2025 (date certified) |
| A-2 | Plaintiff's Original Complaint and Motion for Ex-Parte Temporary Restraining Order | 4/15/2025 |
| A-3 | Return of Service – Brandon Garcia | 5/2/2025 |
| A-4 | Return of Service – Scott Sorbet | 5/2/2025 |
| A-5 | Return of Service – Connie Hambrick | 5/2/2025 |
| A-6 | Return of Service – Julie Mandrell | 5/9/2025 |

Dated: May 22, 2025

Respectfully submitted,

By: /s/ Talley R. Parker

Talley R. Parker
State Bar No. 24065872
talley.parker@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served upon the Plaintiff in this above cause in accordance with the Federal Rules of Civil Procedure on this 22nd day of May, 2025.

/s/ Talley R. Parker
Talley R. Parker

# EXHIBIT A-1

429TH DISTRICT COURT

# DOCKET SHEET

## CASE NO. 429-02672-2025

| | | | |
|---|---|---|---|
| John Hurt vs. Brandon Garcia,Scott Sorbet,Connie Hambrick,Julie Mandrell | § § § § § | Location: | **429th District Court** |
| | | Judicial Officer: | **Willis, Jill Renfro** |
| | | Filed on: | **04/15/2025** |

### CASE INFORMATION

Case Type: **Other Contract**

Case Flags: **Jury Fee Paid**

| DATE | CASE ASSIGNMENT | |
|---|---|---|
| | **Current Case Assignment** | |
| | Case Number | 429-02672-2025 |
| | Court | 429th District Court |
| | Date Assigned | 04/15/2025 |
| | Judicial Officer | Willis, Jill Renfro |

### PARTY INFORMATION

| | | |
|---|---|---|
| **Plaintiff** | **Hurt, John** | **Pro Se**<br>505-814-3687(H) |
| **Defendant** | **Garcia, Brandon** | **Pro Se** |
| | **Hambrick, Connie** | **Pro Se** |
| | **Mandrell, Julie** | **Pro Se** |
| | **Sorbet, Scott** | **Pro Se** |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/15/2025 | Plaintiff's Original Petition (OCA) $350.00<br>*Plaintiff's Original Complaint and Motion for Ex-Parte Temporary Restraining Order*<br>Party: Plaintiff Hurt, John | |
| 04/15/2025 | Jury Trial Requested $10.00<br>Party: Plaintiff Hurt, John | |
| 04/15/2025 | Application for TRO (In Existing Case) $80.00<br>*Plaintiff's Original Complaint and Motion for Ex-Parte Temporary Restraining Order*<br>Party: Plaintiff Hurt, John | |
| 04/16/2025 | General Docket Entry<br>*Court considered Ex Parte TRO; denied; OTBFC.* | |
| 04/21/2025 | Plaintiff's<br>*Request for Issuance of Citations*<br>Party: Plaintiff Hurt, John | |
| 04/22/2025 | Request for Citation $8.00 | |

DISTRICT COURT OF COLLIN COUNTY, TEXAS



*Printed on 05/22/2025 at 12:22 PM*

429TH DISTRICT COURT

# DOCKET SHEET

## CASE NO. 429-02672-2025

| | | |
|---|---|---|
| 04/22/2025 | **Citation** | |
| | Garcia, Brandon | served 04/29/2025 |
| | Sorbet, Scott | served 04/29/2025 |
| | Hambrick, Connie | served 04/29/2025 |
| | Mandrell, Julie | served 05/09/2025 |
| 05/02/2025 | Service Return<br>*Return of Service - Brandon Garcia(Served 4/29/2025)* | |
| 05/02/2025 | Service Return<br>*Return of Service -Scott Sorbet(Served 4/29/2025)* | |
| 05/02/2025 | Service Return<br>*Return of Service - Connie Hambrick(Served 4/29/2025)* | |
| 05/09/2025 | Service Return<br>*ROS: Citation - Julie Mandrell* | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Plaintiff** Hurt, John | |
| | Total Charges | 472.00 |
| | Total Payments and Credits | 472.00 |
| | **Balance Due as of 05/22/2025** | **0.00** |

DISTRICT COURT OF COLLIN COUNTY, TEXAS



*Printed on 05/22/2025 at 12:22 PM*

DISTRICT COURT OF COLLIN COUNTY, TEXAS

STATE OF TEXAS )
COUNTY OF COLLIN )
I, Michael Gould, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 22 day of May A.D., 2025

MICHAEL GOULD, DISTRICT CLERK
COLLIN COUNTY, TEXAS
BShuupe DEPUTY

# EXHIBIT A-2

Filed: 4/15/2025 2:25 PM
Michael Gould
District Clerk
Collin County, Texas
By Rosanne Summers Deputy
Envelope ID: 99696511

Cause No. 429-02672-2025

| | | |
|---|---|---|
| John Hurt | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | OF COLLIN COUNTY, TEXAS |
| | § | |
| Brandon Garcia, Defendant | § | |
| Scott Sorbet, Defendant | § | |
| Julie Mandrell, Defendant | | |
| Connie Hambrick, Defendant | § | |
| | § | ____________ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER

Plaintiff, John Hurt, files this original petition against defendants, Brandon Garcia, Scott Sorbet, Julie Mandrell and Connie Hambrick, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure {190.3/190.4} and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $250,000.

2. Plaintiff seeks monetary relief over $1,000,000.

## PARTIES

3. Plaintiff, John Hurt, is an individual residing in Collin County, Texas and at all relevant times was employed with Hilltop Holdings, Inc. as a Senior Sarbanes Oxley (SOX) Analyst.
4. Defendant Brandon Garcia is an individual residing in Texas and may be served at 325 N. Saint Paul Street, Suite 800, Dallas, Texas 75201 or wherever defendant may be found. Defendant Garcia was, at all relevant times, Plaintiff's supervisor at Hilltop Holdings, Inc..
5. Defendant Scott Sorbet is an individual residing in Texas and may be served at 325 N. Saint Paul Street, Suite 800, Dallas, Texas 75201, or wherever defendant may be found. Defendant Sorbet was, at all relevant times, the supervisor of Brandon Garcia at Hilltop Holdings, Inc..
6. Defendant Julie Mandrell is an individual residing in Texas and may be served at 5010 University Avenue, Lubbock, Texas 79413, or wherever defendant may be found. Defendant Mandrell was, at all relevant times, an HR representative at Hilltop Holdings, Inc..
7. Defendant Connie Hambrick is an individual residing in Texas and may be served at 325 N. Saint Paul Street, Suite 800, Dallas, Texas 75201,or wherever defendant may be found. Defendant Hambrick was, at all relevant times, an HR representative at Hilltop Holdings, Inc..
8. Plaintiff is suing Brandon Garcia, Scott Sorbet, Julie Mandrell, and Connie Hambrick in their individual capacities, for actions that are outside the scope of their

employment with Hilltop Holdings, Inc.. These actions include, but are not limited to, harassment, discriminatory treatment, and retaliation, which are unlawful, intentional, and/or performed with reckless disregard for Plaintiff's rights.

9. Plaintiff is also seeking damages directly from the individual defendants, as their conduct falls outside their employment duties and includes intentional actions that caused harm to Plaintiff.

## JURISDICTION AND VENUE

10. This Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

11. Venue is proper in Collin County under Texas Civil Practice & Remedies Code § 15.002(a)(1), because all or a substantial part of the events giving rise to this action occurred in Collin County, Texas.

## CONDITIONS PRECEDENT

12. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit, including, but not limited to, the filing of complaints with the Texas Workforce Commission (TWC) and providing written notice to the Defendants regarding the discriminatory treatment and harassment.

13. Plaintiff has given Defendants adequate notice of the issues related to their actions and given them the opportunity to respond and remedy the situation.

## FACTS

14. Plaintiff is an employee over 60 years old, with serious medical conditions, including incurable cancer, all known to Defendants.

15. Plaintiff began employment with Hilltop Holdings, Inc. in October 2023 as a Senior Sarbanes Oxley (SOX) Analyst. Plaintiff and Defendant Garcia were peers at this time.

16. Plaintiff was diagnosed in 2024 with multiple medical conditions requiring accommodation.

17. Plaintiff disclosed his medical condition to the Company, which includes an incurable illness and severe immune deficiency. Despite this disclosure, Defendants have engaged in harassment, discriminatory treatment, and retaliation against Plaintiff.

18. Plaintiff requested reasonable accommodations for his disability. Defendants' employer's policies require an "interactive process" to evaluate accommodations. *See EEOC v. Sears Roebuck & Co., 417 F.3d 801 (7th Cir. 2005; Bauer v. Lynch, 812 F.3d 340 (9th Cir. 2016).; Barnett v. U.S. Air, Inc., 228 F.3d 1105 (9th Cir. 2000); Hernandez v. Brinker International, Inc., 2008 WL 3485216 (Tex. App. – Houston [14th Dist.] 2008); Texas Labor Code § 21.128; Gober v. Frankel Family Trust, 100 F. App'x 296 (5th Cir. 2004).*

19. Texas Labor Code § 21.128 requires an employer to engage in an interactive process with the employee to identify potential accommodations. Defendants failed to do so and instead relied on their internal conclusions, ignoring Plaintiff's medical condition and need for reasonable accommodations.

20. Unlike many companies, Defendants' employer handles all work accommodations in house, rather than contracting with a third party and, therefore, neither Defendant Hambrick or Defendant Mandrell are experts in either the law or medical matters.

21. Defendants failed to engage in any meaningful interactive process and relied solely on internal conclusions without consulting Plaintiff or any independent medical expert.

22. Plaintiff's request for accommodation was initially denied. When eventually granted, Defendants imposed punitive, unreasonable restrictions not applied to other employees.

23. Throughout most of Plaintiff's first year of employment, no performance issues were raised or documented and no performance reviews were conducted.

24. The first several months of Plaintiff's employment were served under another manager, the one Plaintiff interviewed with and who hired Plaintiff, with no performance reviews and no deficiencies cited.

25. This manager has since left the company, but was assigned other duties several months into Plaintiff's employment, leading to the reassignment to his current, abusive manager in approximately May 2024.

26. Only after Plaintiff requested accommodation and reported harassment from his new manager multiple times did Defendants fabricate a negative performance review to justify discipline. *See Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006)*

27. Defendants treated Plaintiff less favorably than other employees, tolerating loud, rude, and profane conduct by others while disciplining Plaintiff for alleged conduct that, even if true, was consistent with his medical condition. *See Lee v. Kansas City S. Ry. Co., 574 F.3d 253 (5th Cir. 2009).*

28. Defendant Brandon Garcia escalated harassment, targeting Plaintiff based on age and disability, and Defendant Sorbet approved retaliatory actions.

29. Defendants Julie Mandrell and Connie Hambrick, as HR representatives, were aware of the complaints Plaintiff made regarding the discriminatory treatment and harassment but failed to intervene or take appropriate corrective action.

30. Julie Mandrell and Connie Hambrick were directly involved in the failure to investigate Plaintiff's complaints, despite Plaintiff following the proper channels and raising concerns in good faith.

31. Their failure to act in response to Plaintiff's complaints, and the retaliatory treatment following these complaints, demonstrates their involvement in the ongoing harassment and discrimination

32. Defendants ignored Plaintiff's medical condition, failed to explore accommodations, and punished him for behavior linked to his disability.

33. Defendants fabricated documents, imposed restrictions, and then took further retaliatory steps.

34. Following the fabricated review on February 28, 2025, Defendants ceased assigning Plaintiff new work, excluded him from meetings, communications, and key decisions.

35. Defendants then hired Plaintiff's replacement while he was still employed, fully reassigning Plaintiff's responsibilities without explanation.

36. Plaintiff requested new work assignments several times without response.

37. Plaintiff was effectively "iced out" of his role, humiliated, and isolated in the workplace.

38. These acts of exclusion, reassignment, and replacement created working conditions so intolerable that a reasonable person would feel compelled to resign.

39. Defendants' conduct amounts to both continued retaliation and constructive discharge under Texas and federal law.

## CAUSES OF ACTION

**COUNT 1—Age Discrimination (ADA and Texas Labor Code § 21.051)**

40. Plaintiff belongs to a protected age group.

41. Defendants discriminated against Plaintiff because of his age, treating him less favorably than younger employees.

42. Plaintiff was subjected to discriminatory treatment by Defendants because of Plaintiff's age (over 60), in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Texas Labor Code. Defendants' actions included:

- Assigning Plaintiff menial and degrading tasks not aligned with Plaintiff's position or qualifications.
- Excluding Plaintiff from training and key job responsibilities and denying opportunities for advancement.
- Frequent, targeted and derogatory references to Defendant's memory, sometimes in front of others, often of conversations and events that never occurred.

43. Refusal to allow Plaintiff to refer to previous notes during conversations or discussions, particularly when answering questions.

44. Disparate treatment of similarly situated younger employees supports this claim.

45. Defendants' conduct was intended to discriminate against Plaintiff on the basis of age, resulting in emotional distress, loss of professional standing, and compensation-related harm.

**Count Two — Disability Discrimination (ADA and Texas Labor Code § 21.051, § 21.128)**

46. Plaintiff suffers from a disability known to Defendants.

47. Plaintiff's medical conditions qualify as disabilities under Texas law.

48. Plaintiff disclosed his disability (an incurable illness and severe immune deficiency) to Defendants. Despite this, Defendants engaged in discriminatory treatment, including:

   - Failure to accommodate Plaintiff's medical condition.
   - Retaliating against Plaintiff for requesting reasonable accommodations under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Texas Labor Code.

49. Defendants failed to engage in the interactive process and imposed unreasonable, punitive restrictions which, among other things, forced Plaintiff to use substantially all of his "sick pay" when he was fully capable of working. *See Barnett v. U.S. Air, Inc., 228 F.3d 1105 (9th Cir. 2000).*

50. Defendants disciplined Plaintiff for behavior that, if true, was consistent with his medical condition, rather than providing reasonable accommodation.

51. Defendants' actions were in direct violation of the ADA and the Texas Labor Code, causing irreparable harm to Plaintiff's health, employment, and reputation.

52. Texas Labor Code § 21.128 requires that employers engage in an interactive process with employees to evaluate and provide reasonable accommodations for known disabilities. Under Texas Labor Code § 21.128, an employer must engage in a meaningful and timely interactive process with an employee to explore possible accommodations, which was not done in Plaintiff's case.

53. Moreover, Defendants' failure to consult any medical experts and relying solely on internal conclusions without interacting with Plaintiff or any independent medical professionals constitutes a violation of the interactive process required under Texas Labor Code § 21.128 and is indicative of bad faith.

54. As a result of Defendants' failure to engage in the interactive process and provide a reasonable accommodation, Plaintiff was subjected to unnecessary restrictions that impaired his ability to perform essential functions of his job and caused emotional distress, worsened health, and discriminatory treatment in violation of Texas Labor Code § 21.051 and the ADA.

**Count Three — Retaliation (ADA and Texas Labor Code § 21.055)**

55. Plaintiff engaged in protected activity by requesting accommodations and reporting harassment to the appropriate personnel, including Defendants Scott Sorbet and Julie Mandrell. These activities are protected under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Texas Labor Code § 21.055, which prohibits

retaliation against employees for asserting their rights to accommodation or for complaining about discriminatory practices.

56. Defendants retaliated by:

- Fabricating a negative performance review;
- Imposing punitive restrictions;
- Removing Plaintiff's responsibilities;
- Excluding Plaintiff from work activities;
- Hiring Plaintiff's replacement;
- Attempting to force him into involuntary leave;
- Forcing Plaintiff toward constructive discharge.
- Isolating Plaintiff from the group and new work opportunities.
- Threatening termination.

57. Defendants' actions constitute a continuing pattern of retaliatory conduct.

58. Defendants' actions caused Plaintiff significant harm.

59. Such retaliation violates Texas law.

60. As a result, Plaintiff has suffered significant harm, including emotional distress, loss of professional reputation, damage to his career, and the worsening of his health due to the stress caused by Defendants' retaliatory conduct. Burlington Northern & Santa Fe Railway Co. v. White reinforces the idea that even actions not directly related to

the terms of employment, like fabricated performance reviews or forced exclusion, are valid grounds for a retaliation claim.

61. As in Bauer v. Lynch, 812 F.3d 340 (9th Cir. 2016), Defendants retaliated against Plaintiff after he requested reasonable accommodation and complained about discriminatory conduct, including fabricating performance reviews and excluding him from work responsibilities.

62. Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006), holds that retaliation includes any adverse action that could dissuade a reasonable worker from engaging in protected activity. The Supreme Court ruled that retaliatory actions do not have to be related to an employee's terms of employment; instead, any action that would deter a reasonable person from engaging in protected conduct is actionable. In this case, the fabricated performance review, exclusion from duties, and threats of termination following Plaintiff's complaints about discrimination were clear retaliatory actions that would discourage any reasonable employee from asserting their rights.

63. Under Texas law, retaliation claims are governed by the standards outlined in Houston Indep. Sch. Dist. v. Vinson, 198 S.W.3d 278 (Tex. 2006), which holds that retaliation for protected activity, such as complaining about discrimination or requesting accommodations, is unlawful. In this case, Plaintiff's negative performance reviews, exclusion from job duties, and threats of termination came shortly after Plaintiff engaged in protected activities, and are evidence of retaliatory conduct.

**Count Four — Constructive Discharge (Common Law & Statutory Basis)**

64. Defendants' actions made Plaintiff's working conditions intolerable.

65. Any reasonable employee would have felt compelled to resign.

66. Constructive discharge is a recognized adverse employment action.

67. As the 5th Circuit held in Porter v. Houma Terrebonne Housing Authority, 810 F.3d 940, 945 (5th Cir. 2015), constructive discharge occurs when an employer creates working conditions that are so intolerable that a reasonable person would feel compelled to resign.

**Count Five — Harassment (Hostile Work Environment)**

68. Plaintiff was subjected to unwelcome, demeaning behavior by Defendants, including the use of derogatory terms like "buddy" and "bud," bullying, derogatory comments in from of others, and other forms of discriminatory harassment. This conduct created a hostile work environment under Title VII of the Civil Rights Act of 1964 and the Texas Labor Code.

69. Frequent, targeted and derogatory references to Plaintiff's memory, individually and in front of others, often of conversations and events that never occurred.

70. Derogatory comments about "old school" and such things as "outdated" methods, including taking notes on paper.

71. Refusal to allow Plaintiff to refer to previous notes during conversations or discussions, particularly when answering questions.

72. As in GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605 (Tex. 1999), an employer is required to prevent harassment and discriminatory behavior in the workplace.

Defendants' actions, including demeaning language and exclusion from responsibilities, created a hostile work environment, which Plaintiff was subjected to throughout his employment.

73. As in Lee v. Kansas City S. Ry. Co., 574 F.3d 253 (5th Cir. 2009), the discriminatory treatment and harassment Plaintiff faced from Defendants, including rude conduct, as well as demeaning language, created an unlawful hostile work environment.

**Count Six — Intentional Infliction of Emotional Distress**

74. Defendants' conduct toward Plaintiff was outrageous, extreme, and intentional or carried out with reckless disregard for Plaintiff's emotional well-being.

- Defendants subjected Plaintiff to ongoing harassment, degrading tasks, exclusion from work assignments, and threats of termination after Plaintiff complained about discriminatory practices.
- The actions of Defendants were designed to cause Plaintiff emotional distress and mental anguish, which was directly caused by their extreme behavior.

75. As a result of Defendants' actions, Plaintiff has experienced significant emotional distress, including anxiety, depression, mental anguish, and deterioration in physical health.

**Count Seven — Civil Conspiracy**

76. Defendants conspired to remove Plaintiff through fabricated documents, exclusion, and retaliation.

77. Defendants engaged in a civil conspiracy to retaliate and discriminate against Plaintiff, working together to carry out unlawful practices with the intent to harm Plaintiff.

- The actions of Brandon Garcia, Scott Sorbet, Julie Mandrell, and Connie Hambrick were coordinated to create an unlawful work environment, including withholding training, denying work assignments, and failing to investigate complaints.
- Defendants acted in concert to achieve unlawful purposes: to retaliate against Plaintiff for complaining about discrimination and failing to provide reasonable accommodation.
- Defendants acted in concert to harass, retaliate against, and force Plaintiff out of employment.

78. Each Defendant acted in furtherance of this unlawful scheme.

79. As a result of Defendants' conspiracy, Plaintiff has suffered emotional distress, damages to employment opportunities, and reputational harm.

80. Defendants' coordinated actions proximately caused Plaintiff's damages.

## DAMAGES

81. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer the following damages:

82. Compensatory Damages:

Plaintiff seeks compensatory damages for the emotional distress, mental anguish, and suffering caused by the Defendants' actions. This includes the worsening of Plaintiff's medical condition due to the stress and harassment at work.

83. Lost Wages and Benefits:

Plaintiff seeks recovery for lost wages, including back pay, future wages, and benefits lost due to Defendants' actions.

84. Punitive Damages:

Plaintiff seeks punitive damages in an amount sufficient to punish the Defendants for their willful, malicious, or grossly negligent conduct, and to serve as a deterrent to others from engaging in similar conduct.

85. Attorney's Fees and Costs:

Plaintiff seeks attorney's fees, costs of litigation, and any other relief the Court deems just and proper.

86. Defendant's actions were willful, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to exemplary damages under Texas law.

## REQUEST FOR TEMPORARY RESTRAINING ORDER

87. **Ex Parte Relief:**

Plaintiff seeks immediate, ex parte relief from this Court in the form of a Temporary Restraining Order (TRO), as Plaintiff is facing imminent harm due to the retaliatory actions, discriminatory conduct, and harassment being perpetuated by the Defendants.

88. **Urgency:**

Plaintiff has been subjected to ongoing harassment and retaliation since filing complaints about discriminatory treatment related to age and disability. Defendants have actively sought to disrupt Plaintiff's employment, including threatening termination and excluding Plaintiff from essential work responsibilities.

89. The harm Plaintiff is experiencing is not limited to professional consequences but also has significant personal effects, which are compounded by Plaintiff's existing medical condition:

- The stress caused by Defendants' actions has directly worsened Plaintiff's health condition, specifically the cancer diagnosis Plaintiff disclosed to the Company.
- Difficulty performing job responsibilities due to the stress has further exacerbated Plaintiff's immune deficiency and cancer-related complications, making the emotional toll more severe.
- Plaintiff has been punished, including threats of termination, for alleged errors, that if they occurred were a direct result of Plaintiff's disability and the related harassment received from Defendants.
- The ongoing harassment has affected Plaintiff's ability to interact with family members and others outside of work, creating significant strain on personal relationships.

90. Plaintiff is experiencing a reduced ability to enjoy life and diminished quality of sleep, which, in turn, affects Plaintiff's recovery and treatment for cancer.

91. The ongoing threats of termination directly affect Plaintiff's ability to pay for medical insurance and, therefore, continue to receive medical treatment that is currently estimated at over $90,000 per month.

92. The imminent threat of harm is clear, and unless the Court grants this TRO, Plaintiff will continue to suffer irreparable harm through emotional distress, compounded health issues, loss of livelihood, and damage to Plaintiff's professional reputation.

Therefore, Plaintiff requests that the Court issue this TRO immediately, without notice to the Defendants, to stop the retaliatory actions and prevent further harm.

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Plaintiff respectfully requests that this Court permit service of the complaint and TRO petition on Defendants via certified mail with return receipt requested or, alternatively, by email. Plaintiff does not know where any of the Defendants reside and it is likely, given their behavior to date, that they will attempt to avoid service. Plaintiff seeks permission to serve Defendants by certified mail or, alternatively by email, to ensure timely notice and to prevent further delay in the proceedings.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff John Hurt, asserts his right to a trial by jury under Texas Constitution article 1, section 15, and makes this demand for a jury trial. Because Plaintiff is making this demand at least 30 days before the trial setting, the demand is presumed to have been made a reasonable time before trial under Texas Rule of Civil Procedure 216. Halsell v. Dehoyos, 810 S.W.2d 371, 371 (Tex. 1991). Plaintiff tenders the jury fee for *district* court, as required by Texas Rule of Civil Procedure 216.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that all Defendants be cited to appear and answer, and that upon final trial of this matter, Plaintiff recover:

- Actual damages;
- Compensatory damages for emotional distress and mental anguish;

- Exemplary damages;
- Pre-judgment and post-judgment interest;
- Attorney's fees and costs of court;
- Such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Furthermore, Plaintiff respectfully requests that the Court:

1. Issue an Ex Parte Temporary Restraining Order (TRO) against Defendants, which:
    - Immediately prevents Defendants from firing, threatening termination, or retaliating against Plaintiff in any way.
    - Orders Defendants to cease any further harassment, discriminatory treatment, and unwarranted performance reviews.
    - Orders Defendants to immediately cease any actions that would harm Plaintiff's employment, including exclusion from duties, denial of opportunities, or other retaliatory actions related to Plaintiff's complaints about discrimination and failure to accommodate.
2. Allow service by certified mail of the complaint and TRO petition to the Defendants.
3. Grant any other relief the Court deems just and proper.

Respectfully submitted,



John Hurt
Pro Se Plaintiff
3868 Wintergreen Drive, Plano Texas 75074
505-289-4599
mustang4021@gmail.com

# EXHIBIT A-3

Filed: 5/2/2025 1:27 PM
Michael Gould
District Clerk
Collin County, Texas
By Danyel Grace Deputy
Envelope ID: 100381784

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| | |
|---|---|
| Court<br>**District Court**<br>**429th Judicial District**<br>**Collin County, Texas** | |
| Plaintiff<br>**John Hurt** | Cause #<br>**429-02672-2025** |
| Defendant(s)<br>**Brandon Garcia, Scott Sorbet, Julie Mandrell, Connie Hambrick** | Came to Hand Date/Time<br>**4/28/2025 9:11 PM** |
| Manner of Service<br>**Personal** | Service Date/Time<br>**4/29/2025 10:33 AM** |
| Documents<br>**PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER; CITATION** | Service Fee:<br>**$85.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **4/29/2025** at **10:33 AM**: I served **PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER and CITATION** upon **Brandon Garcia** by delivering **1** true and correct copy(ies) thereof, with **Brandon Garcia, I delivered the documents to Brandon Garcia with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 25-35 years of age, 5'8"-5'10" tall and weighing 180-200 lbs with glasses** at **325 N Saint Paul St STE 800, Dallas, TX 75201**.

My name is: **Izehiuwa Okuonghae**, I am at least 18 years old, and

My address is: **1934 shoaf dr apt 235, irving, TX 75061**, USA.

My process server identification # is: **PSC-25771**. My Certification expires: **3/31/2027**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Dallas county, TX.

Izehiuwa Okuonghae

04/29/2025
Date Executed

Ref **499-02672-2025**

**0167488096**

**txefile@abclegal.com**

abclegal

**John Hurt <mustang4021@gmail.com>**

Tracking # **0167677819**

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100381784
Filing Code Description: Service Return
Filing Description: Return of Service - TRO - Brandon Garcia(Served 4/29/2025)
Status as of 5/2/2025 2:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Hurt | | mustang4021@gmail.com | 5/2/2025 1:27:10 PM | NOT SENT |

Copy from re:SearchTX

# EXHIBIT A-4

Filed: 4/29/2025 1:27 PM
Michael Gould
District Clerk
Collin County, Texas
By Danyel Grace Deputy
Envelope ID: 100381784
Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| | |
|---|---|
| Court<br>**District Court**<br>**429th Judicial District**<br>**Collin County, Texas** | |
| Plaintiff<br>**John Hurt** | Cause #<br>**429-02672-2025** |
| Defendant(s)<br>**Brandon Garcia, Scott Sorbet, Julie Mandrell, Connie Hambrick** | Came to Hand Date/Time<br>**4/28/2025 9:13 PM** |
| Manner of Service<br>**Personal** | Service Date/Time<br>**4/29/2025 10:38 AM** |
| Documents<br>**PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER; CITATION** | Service Fee:<br>**$85.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **4/29/2025** at **10:38 AM**: I served **PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER and CITATION** upon **Scott Sorbet** by delivering **1** true and correct copy(ies) thereof, with **Scott Sorbet, I delivered the documents to Scott Sorbet with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a red-headed white male contact 35-45 years of age, 5'8"-5'10" tall and weighing 140-160 lbs** at **325 N Saint Paul St STE 800, Dallas, TX 75201**.

My name is: **Izehiuwa Okuonghae**, I am at least 18 years old, and
My address is: **1934 shoaf dr apt 235, irving, TX 75061**, USA.
My process server identification # is: **PSC-25771**. My Certification expires: **3/31/2027**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Dallas county, TX.

[signature]
Izehiuwa Okuonghae

04/29/2025
Date Executed

DISTRICT COURT COLLIN COUNTY TEXAS

Ref **499-02672-2025**
**0167488095**
**txefile@abclegal.com**

abclegal **John Hurt <mustang4021@gmail.com>**

Tracking # **0167677921**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100381784
Filing Code Description: Service Return
Filing Description: Return of Service - TRO - Brandon Garcia(Served 4/29/2025)
Status as of 5/2/2025 2:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Hurt | | mustang4021@gmail.com | 5/2/2025 1:27:10 PM | NOT SENT |

DISTRICT COURT ★ OF COLLIN COUNTY, TEXAS ★

DISTRICT COURT OF COLLIN COUNTY, TEXAS

STATE OF TEXAS )
COUNTY OF COLLIN )
I, Michael Gould, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 22 day of May A.D., 2025

MICHAEL GOULD, DISTRICT CLERK
COLLIN COUNTY, TEXAS

B Shaupe DEPUTY

# EXHIBIT A-5

Filed: 5/2/2025 1:27 PM
Michael Gould
District Clerk
Collin County, Texas
By Danyel Grace Deputy
Envelope ID: 100381784

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| | |
|---|---|
| Court<br>**District Court**<br>**429th Judicial District**<br>**Collin County, Texas** | |
| Plaintiff<br>**John Hurt** | Cause #<br>**429-02672-2025** |
| Defendant(s)<br>**Brandon Garcia, Scott Sorbet, Julie Mandrell, Connie Hambrick** | Came to Hand Date/Time<br>**4/28/2025 9:12 PM** |
| Manner of Service<br>**Personal** | Service Date/Time<br>**4/29/2025 10:39 AM** |
| Documents<br>**PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER; CITATION** | Service Fee:<br>**$85.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **4/29/2025** at **10:39 AM**: I served **PLAINTIFF'S ORIGINAL COMPLAINT AND MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER and CITATION** upon **Connie Hambrick** by delivering **1** true and correct copy(ies) thereof, with **Connie Hambrick, I delivered the documents to Connie Hambrick with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white female contact 45-55 years of age, 5'4"-5'6" tall and weighing 140-160 lbs** at **325 N Saint Paul St STE 800, Dallas, TX 75201**.

My name is: **Izehiuwa Okuonghae**, I am at least 18 years old, and

My address is: **1934 shoaf dr apt 235, irving, TX 75061**, USA.

My process server identification # is: **PSC-25771**. My Certification expires: **3/31/2027**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Dallas county, TX.

[signature]
Izehiuwa Okuonghae

04/29/2025
Date Executed



Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100381784
Filing Code Description: Service Return
Filing Description: Return of Service - TRO - Brandon Garcia(Served 4/29/2025)
Status as of 5/2/2025 2:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Hurt | | mustang4021@gmail.com | 5/2/2025 1:27:10 PM | NOT SENT |

Copy from re:SearchTX

# EXHIBIT A-6

# RETURN OF SERVICE

Notice: This document contains sensitive data

Court Stamp Here

Filed: 5/9/2025 2:07 PM
Michael Gould
District Clerk
Collin County, Texas
By Kevin Hogan Deputy
Envelope ID: 100658602

| | |
|---|---|
| Court<br>**District Court**<br>**429th Judicial District**<br>**Collin County, Texas** | |
| Plaintiff<br>**John Hurt** | Cause #<br>**429-02672-2025** |
| Defendant(s)<br>**Julie Mandrell; ET AL** | Came to Hand Date/Time<br>**5/07/2025 3:27 PM** |
| Manner of Service<br>**Personal** | Service Date/Time<br>**5/09/2025 1:32 PM** |
| Documents<br>**COMPLAINT; CITATION** | Service Fee:<br>**$85.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **5/09/2025** at **1:32 PM**: I served **COMPLAINT and CITATION** upon **Julie Mandrell** by delivering **1** true and correct copy(ies) thereof, with **Julie Mandrell, I delivered the documents to Julie Mandrell with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 35-45 years of age, 5'10"-6'0" tall and weighing 160-180 lbs** at **5010 University Ave, Lubbock, TX 79413**.

My name is: **Steven Tabor**, I am at least 18 years old, and
My address is: **3413 28th St, LUBBOCK, TX 79410**, USA.
My process server identification # is: **PSC-22389**. My Certification expires: **4/30/2027**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Lubbock county, TX.

[signature]
Steven Tabor

05/09/2025
Date Executed

Ref **REF-19943652**
**0166920786**
**txefile@abclegal.com**

abclegal
**John Hurt <mustang4021@gmail.com>**

Tracking # **0168947325**

DISTRICT COURT COLLIN COUNTY, TEXAS

DISTRICT COURT OF COLLIN COUNTY, TEXAS

STATE OF TEXAS )
COUNTY OF COLLIN )

I, Michael Gould, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 22 day of May A.D., 20 25

MICHAEL GOULD, DISTRICT CLERK
COLLIN COUNTY, TEXAS

B Strumpe DEPUTY