# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN HURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-00550-ALM-AGD |
| | § | |
| BRANDON GARCIA, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 26, 2025, the Report of the Magistrate Judge, (Dkt. #35), was entered containing proposed findings of fact and recommendation that Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. #3) be granted in part. That is, Plaintiff's federal causes of action against Defendants should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The Report also recommended that Plaintiff's remaining state law claims should be remanded to the 429th District Court in Collin County, Texas. The Report finally recommended that any remaining request for relief not addressed by the Report should be denied as moot.

On June 30, 2025, Plaintiff filed timely Objections to the Report (Dkt. #45), and on July 2, 2025, Plaintiff filed a Supplemental Response in Opposition to Defendants' Motion to Strike and the Report (Dkt. #46). On July 10, 2025, Defendants filed timely objections to the Report (Dkt. #47), and Plaintiff filed a Response to Defendants' objections (Dkt. #48). The Court has conducted a de novo review of the parties' objections and the portions of the Report to which each

specifically objects. Having done so, the Court is of the opinion that the findings of the Magistrate Judge are correct in part and adopts in part the Magistrate Judge's Report as the findings of the Court.

The Court modifies the Report as discussed *infra*. For the same reason Plaintiff's federal causes of action should be denied, so too should Plaintiff's state law claims. "In enacting the [Texas Commission on Human Rights Act], the Legislature intended to correlate state law with federal law in employment discrimination cases," specifically with respect to "the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (collecting cases); *see also Dunlap v. Fort Worth Indep. Sch. Dist.*, No. 4:21-cv-00790-O-BP, 2021 WL 6503710, at *10 (N.D. Tex. Dec. 15, 2021) ("Dunlap's claims against the Individual Defendants under Title VII/Chapter 21, the ADA, and the ADEA must be dismissed with prejudice because the Individual Defendants are not her employers and thus cannot be held liable for Dunlap's employment discrimination lawsuit."). As such, Plaintiff's state law employment discrimination and retaliation causes of action are hereby dismissed with prejudice.

The Court further modifies the Report with respect to Plaintiff's common law causes of action. First, constructive discharge is not a stand-alone cause of action. *Microsoft Corp. v. Mercieca*, 502 S.W.3d 291, 312 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Next, Plaintiff's intentional infliction of emotional distress claims, which are based on his discrimination and retaliation claims, are preempted by his statutory claims. *Friedrichsen v. Rodriguez*, No. 14-19-00850-CV, 2021 WL 4957330, at *6 (Tex. App.—Houston [14th Dist.] Oct. 26, 2021, *overruled in part on other grounds*). Finally, Plaintiff's claim for civil conspiracy, a derivative tort, fails as each of

his other causes of action have been dismissed. "Under Texas law, civil conspiracy is a derivative tort. If a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails." *See Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996)). Accordingly, the Court further modifies the Report to dismiss Plaintiff's remaining state law claims against Defendants, thus disposing of the entire case.

It is therefore **ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. #3) is **GRANTED,** and Plaintiff's case is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6). It is finally **ORDERED** that any remaining request for relief is **DENIED AS MOOT**.

IT IS SO ORDERED.
SIGNED this 6th day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE